

NUMBER 13-14-00329-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALBERTO R. GARZA AND                                    Appellants,
LETICIA I. GARZA, INDIVIDUALLY
AND AS NEXT FRIENDS OF
ALEXANDRA I. GARZA AND
KASSANDRA R. GARZA,

v.

MELDEN & HUNT, INC.,                                    Appellee.

## On appeal from the 92nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides and Perkes
### Memorandum Opinion by Justice Garza

Appellants, Alberto R. Garza and Leticia I. Garza, individually and as next friends

of Alexandra I. Garza and Kassandra R. Garza ("the Garzas"), challenge the trial court's

summary judgment in favor of appellee, Melden & Hunt, Inc. ("Melden"), a surveying and engineering firm. We affirm.

## I. BACKGROUND

The underlying dispute arose as a result of flooding at the Garzas' home in the Chateau Estates subdivision in Edinburg, Texas. The Garzas sued Melden on April 22, 2008, alleging that Melden prepared the survey for the subdivision and had "furnished the finished floor elevation" for the construction of the Garzas' home, resulting in the home "being below the necessary level to insure against flooding . . . ." The Garzas alleged that their home "has flooded on several occasions resulting in a total loss in value" and that "the flooding resulted in the home developing mold, which in turn caused the Garzas to suffer from health problems." In a sixth amended petition dated November 5, 2010, they further alleged that "the entire subdivision appears to be designed and built at a higher elevation than the [Garzas'] home causing them to be situated below the rest of the subdivision."[1] The Garzas asserted causes of action for breach of contract, negligence, negligent misrepresentation, fraud, nuisance, breach of implied warranty of good and workmanlike services, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of the Texas Water Code. They sought actual and exemplary damages.

In 2010, Melden filed a motion to dismiss on grounds that the Garzas failed to timely file a compliant certificate of merit as required by statute. *See* TEX. CIV. PRAC. &

---

[1] The Garzas also sued Gary Burch Construction, Inc. ("Burch"), alleging that Burch, "using the [Melden] survey, and failing to take his own reasonable and necessary measures to insure the [Garzas'] home was built to acceptable standards, built the home at a still lower level insuring the flooding of the [Garzas'] home." The Garzas' claims against Burch were severed from their claims against Melden, and Burch is not a party to this appeal.

2

REM. CODE ANN. § 150.002 (West, Westlaw through 2013 3d C.S.) (requiring plaintiffs in suits for "damages arising out of the provision of professional services by a licensed or registered professional" to file with the complaint an affidavit by a third-party professional holding the same professional license as the defendant setting forth the factual basis for the claim). The trial court denied the motion to dismiss, and Melden appealed. *See Melden & Hunt, Inc. v. Garza*, No. 13-11-00594-CV, 2013 WL 3517743, at *1 (Tex. App.— Corpus Christi July 11, 2013, no pet.) (mem. op.). We held that we lacked jurisdiction over the appeal because, as the Garzas' causes of action accrued before September 1, 2005, the applicable statute did not authorize an interlocutory appeal. *Id.* at *2–3 (noting that the 2005 amendment to chapter 150 authorizing an interlocutory appeal applies only to causes of action accruing on or after September 1, 2005).

Melden then filed a motion for traditional and no-evidence summary judgment on December 17, 2013. The motion included an affidavit by Melden's president, Frederick L. Kurth, stating that he had "personal knowledge of the surveying work performed on Chateau Estates"; that "[Melden]'s sole responsibility on this project was to provide surveying, engineering, platting, and public improvement services"; and that all of Melden's work on the subdivision was completed in 1997. Melden's motion also included an affidavit by Alberto Garza stating in part that he first "noticed ponding occurring in my backyard" in "1999 or 2000." Melden argued this evidence conclusively established that the relevant statutes of limitations had expired for the Garzas' negligence, negligent misrepresentation, nuisance, DTPA, and water code claims. Melden also argued that there was no evidence to support the Garzas' water code claim.

Melden filed a second motion for summary judgment on February 3, 2014, arguing

3

that there was no evidence of gross negligence, malice or fraud that would support an exemplary damages award.

In response to the motions, the Garzas pointed to the statutes of repose in chapter 16 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.008, 16.009, 16.011(a)(1) (West, Westlaw through 2013 3d C.S.). They argued that these statutes, which generally require suit to be filed within ten years, preempt the "traditional" statute of limitations for claims against engineers and surveyors. Their response also included several pieces of evidence, including excerpts from depositions of Garza and Kurth, which they claimed supported their water code and exemplary damages claims.

After a hearing on April 16, 2014, the trial court rendered an order granting Melden's motions and decreeing that the Garzas take nothing by way of their claims against Melden.[2] This appeal followed.

## II. DISCUSSION

On appeal, the Garzas contest the trial court's judgment only to the extent it dismissed their nuisance claim and their request for exemplary damages in connection therewith. In particular, they argue that Melden "did not conclusively prove whether the nuisance was permanent or temporary, and therefore failed to establish the date the nuisance cause of action accrued."

---

[2] The order on appeal states that Melden's motions were granted "in part." It is not clear what parts of Melden's motions, if any, were denied. In any event, we have jurisdiction because the order clearly disposes of all claims against Melden and states that it is final and appealable. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (noting that, "when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties").

4

**A.     Standard of Review**

In advancing a traditional motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[3]  TEX. R. CIV. P. 166a(c); *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).  An issue of fact is raised if more than a mere scintilla of evidence is produced.  *See, e.g., City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).  Evidence is less than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion that the fact exists."  *Regal Fin. Co. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 603 (Tex. 2010).  Evidence is more than a scintilla if it "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."  *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228 (Tex. 2011).

We review summary judgments de novo.  *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Nalle Plastics Family L.P. v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied).  We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor.  *Joe*, 145 S.W.3d at 157.

**B.     Applicable Law**

A "nuisance" is "a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities."  *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 269 (Tex. 2004).

---

[3] Although Melden moved for no-evidence summary judgment, it did not allege in its motions that there was no evidence of the nuisance claim.  Instead, Melden sought summary judgment on nuisance only on limitations grounds in its motion for traditional summary judgment.  Accordingly, those are the only grounds we consider in this appeal.  *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (noting that summary judgments "may only be granted upon grounds expressly asserted in the summary judgment motion").

The limitations period for a private nuisance claim is two years. *Id.* at 270 (noting that, "[a]s with many other common-law claims, the accrual date is not defined by statute, but is a question of law for the courts"). When a nuisance claim accrues depends on whether the nuisance alleged is "permanent" or "temporary." *Id.* "A permanent nuisance claim accrues when injury *first* occurs or is discovered; a temporary nuisance claim accrues anew upon each injury." *Id.*

An injury to real property, such as a nuisance, is considered permanent if "(a) it cannot be repaired, fixed, or restored, *or* (b) even though the injury can be repaired, fixed, or restored, it is substantially certain that the injury will repeatedly, continually, and regularly recur, such that future injury can be reasonably evaluated." *Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Tex.), L.P.*, 449 S.W.3d 474, 480 (Tex. 2014). "Conversely, an injury to real property is considered temporary if (a) it can be repaired, fixed, or restored, *and* (b) any anticipated recurrence would be only occasional, irregular, intermittent, and not reasonably predictable, such that future injury could not be estimated with reasonable certainty." *Id.* "[W]hether an injury is temporary or permanent is a question of law for the court to decide." *Id.*

## C.     Analysis

Melden asserts that, under the law of the case doctrine, we are compelled by our 2013 holding to conclude that the Garzas' nuisance claim, whether temporary or permanent in nature, is barred by limitations. *See, e.g., Paradigm Oil, Inc. v. Retamco Operating, Inc.,* 372 S.W.3d 177, 182 (Tex. 2012) (noting that, under the law of the case doctrine, "a decision rendered in a former appeal of a case is generally binding in a later appeal of the same case"). Melden also argues that the Garzas waived the argument

6

they are making on appeal because they did not raise it in response to the summary judgment motions at the trial court. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

Assuming, but not deciding, that the Garzas preserved their argument at the trial court and that the law of the case doctrine does not apply, we nevertheless conclude that Melden established its entitlement to judgment as a matter of law on the Garzas' nuisance claim. *See* TEX. R. CIV. P. 166a(c). The Garzas' claims against Melden are based solely on Melden's surveying of the subdivision and furnishing of the "finished floor elevation for the construction" of the home. Kurth's affidavit established that Melden had completed all of this work in 1997, and the Garzas did not produce evidence raising a fact issue as to when the work was completed. The Garzas did not assert in their petition, nor is there any evidence in the record to suggest, that the survey or the "finished floor elevation," having been completed in 1997, are now capable of being "repaired, fixed, or restored." *See Gilbert Wheeler, Inc.*, 449 S.W.3d at 480. Instead, it is apparent that the Garzas' claims are based on a permanent condition for which "future injury can be reasonably evaluated." *Id.* Accordingly, to whatever extent the Garzas' factual allegations may support a nuisance cause of action, the nuisance would be permanent in nature, and the limitations period would run from "when injury *first* occurs or is discovered." *Schneider*, 147 S.W.3d at 269. Because it is undisputed that the Garzas discovered their injury in 2000 at the latest, their nuisance claim is barred by limitations. *See id.* at 270.[4]

---

[4] Because Melden established its entitlement to judgment as a matter of law on the Garzas' nuisance claim, and because the Garzas do not contest summary judgment on any of its other claims, we need not address whether there was evidence to support exemplary damages. *See* TEX. R. APP. P. 47.1; *Burbage v. Burbage*, 447 S.W.3d 249, 263 (Tex. 2014) ("A party may not recover exemplary damages

7

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
7th day of May, 2015.

---

unless the plaintiff establishes actual damages.").

8